UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

RONNIE RANDOLPH,                          )
                                          )
            Plaintiff,                    )
      v.                                  )        No. 4:25-cv-00935-SEP
                                          )
RICHARD ADAMS, et al.,                    )
                                          )
            Defendants.                   )

## MEMORANDUM AND ORDER

Before the Court is self-represented Plaintiff Ronnie Randolph's Motion to Proceed *in Forma Pauperis*.  Doc. [2].  While incarcerated, Plaintiff has brought three or more federal civil actions that have been dismissed as frivolous or malicious or for failing to state a claim.  The Court therefore denies the Motion to Proceed *in Forma Pauperis* and dismisses the Complaint.

### THE COMPLAINT

Plaintiff is currently incarcerated at Eastern Reception Diagnostic Correctional Center (ERDCC) in Bonne Terre, Missouri.  He brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act, as amended, 42 U.S.C. §§ 12131, *et seq.*, naming as Defendants Richard Adams and Jason Lewis.  Doc. [1] at 3.

Plaintiff, who is deaf, alleges several failures to accommodate his disability. Although his Statement of Claim is generalized and conclusory, *see* Doc. [1-1] at 13, he has attached to the Complaint copies of his Informal Resolution Request (IRR), Grievances, and Grievance Appeal, which paint a clearer picture of his claims.  Doc. [1-1].[1]

On or about July 27, 2023, Plaintiff filed an IRR at ERDCC complaining that he lacked a "flashing light" in his cell.  *Id.* at 7.  He also complained that ERDCC staff refused to allow deaf inmates to make "cell moves" if their cellmates took advantage of them or made their lives difficult.  Plaintiff failed to indicate that he was being subjected to such an issue by his cellmate, however.  Plaintiff's IRR was responded to on August 11, 2023.  *Id.* at 12.  The response noted that Plaintiff's current cell contained a flashing light, although it needed a new battery, and one had been ordered.  Additionally, as a deaf inmate, he was entitled, once every six months, to request a cellmate that could assist him by asking for a "convenience move."  *Id.*

---

[1] Per Federal Rule of Civil Procedure 10(c), a "copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

Plaintiff filed a Grievance on August 23, 2023. *Id.* at 5. His Grievance was denied on October 5, 2023, for the reasons set forth in the response to the IRR. *Id.* at 6. Plaintiff filed a Grievance Appeal on November 23, 2023. *Id.* at 3. On December 20, 2023, Defendant Jason Lewis reviewed the Grievance Appeal, finding that no violation of Missouri Department of Corrections' policy or procedure had occurred. *Id.* Plaintiff was told that he had a flashing light in his cell, and he was told that he could request a convenience move every six months pursuant to ERDCC policy. Additionally, Plaintiff was reminded that, if he felt there was a safety issue, he was able to request protective custody. *Id.*

Plaintiff seeks damages and injunctive relief.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The three strikes provision applies only if the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006). But "[a] prior dismissal on a statutorily enumerated ground counts as a strike even if the dismissal is the subject of an appeal." *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). A dismissal for failure to state a claim also constitutes a strike, whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (2020).

A review of Pacer.Net shows that Plaintiff has brought at least three federal civil actions that were dismissed on grounds that they were frivolous or malicious or they failed to state a claim upon which relief may be granted. *See, e.g.*, *Randolph v. Dormire*, No. 10-4164-CV-C-FJG-P (W.D. Mo. 2010) (listing cases dismissed for failure to state a claim upon which relief may be granted); *Randolph v. Dormire, et al.*, No. 09-4059-CV-C-NKL (W.D. Mo. 2009); *Randolph v. Dormire, et al.*, No. 09-4057-CV-C-NKL (W.D. Mo. 2009); *Randolph v. Dormire,*

*et al.,* No. 08-4144-CV-C-SOW (W.D. Mo. 2009).  The Court therefore cannot permit Plaintiff to proceed *in forma pauperis* unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Plaintiff does not allege that he is in imminent danger of serious physical injury.  Rather, he objects to the disability accommodations at the Missouri Department of Corrections.  He does not indicate that he is currently in danger due to that disagreement or anything else, e.g., his cellmate or a medical issue.  Plaintiff has thus failed to demonstrate that the exception to the three strikes provision in §1915(g) applies to this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *in Forma Pauperis*, Doc. [2], is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to Plaintiff refiling a fully paid Complaint.  *See* 28 U.S.C. § 1915(g).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 6th day of August, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE